## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2017-02-0685

BETTY A. JACKSON
876 MERCER AVENUE
AKRON, OH, 44320

-VS-  **SUMMONS**

WAYSIDE FARM, INC.
4557 QUICK ROAD

PENINSULA, OH 44264

**TO the following:**

WAYSIDE FARM, INC.
4557 QUICK ROAD

PENINSULA, OH 44264

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

RICHARD L GOODMAN
720 Youngstown-Warren Road, Suite E
Niles, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

February 17, 2017

EXHIBIT A

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| BETTY A. JACKSON<br>876 Mercer Avenue<br>Akron, Ohio 44320 | )<br>)<br>)<br>) | CASE NO.: |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| WAYSIDE FARM, INC.<br>c/o Dr. Loren Pool<br>Statutory Agent<br>4557 Quick Road<br>Peninsula, Ohio 44264 | )<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |
| Defendant. | ) | |

Plaintiff, Betty A. Jackson, by and through counsel, hereby states her complaint against Defendant as follows:

## PARTIES AND VENUE

1. Plaintiff, Betty A. Jackson is a resident of the City of Akron, Summit County, Ohio.

2. Defendant, Wayside Farm, Inc., is an Ohio corporation for profit headquartered in Peninsula, Summit County, Ohio.

3. Plaintiff was an employee of Defendant and worked at Defendant's facilities.

4. Venue is proper pursuant to Civ.R. 3(B)(2).

5. This Court has jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

6. On or about February 26, 2015, Plaintiff was hired by Defendant as a laundry room employee.

1

7. Defendant, is and, at all times herein mentioned, was an enterprise within the meaning of Section 3(r) of the Fair Labor Standards Act ("FSLA").

8. At all times referenced herein, Plaintiff was individually covered under 29 U.S.C § 207(a)(1) of the FSLA.

9. Plaintiff worked on an hourly basis for Defendant and during the night shift for approximately 40 hours per week.

10. During Plaintiff's employment, she was required and did in fact work more than the required hours and was not paid for such time worked.

11. Plaintiff was not paid for the hours she worked in excess of 40 hours per week and in excess of 8 hours per day.

12. Plaintiff was deliberately forced to "clock out" and then return to her job without being paid.

13. On occasion, Plaintiff's supervisor would physically block Plaintiff from leaving after she clocked out and forced her to remain at work without pay.

14. At all times referenced herein, Plaintiff suffered from MS which made it more difficult for her to work the hours forced upon her.

15. At all times referenced herein, Plaintiff was capable of performing the essential job functions despite her disability.

16. At all times referenced herein, Defendant was aware that Plaintiff's disabilities made it difficult for her to work overtime yet forced her to do so.

17. Plaintiff was eventually told that if she did not work "off the clock" that she would lose her job.

18. Plaintiff was given a three day suspension for refusing to work "off the clock".

Sandra Kurt, Summit County Clerk of Courts

EXHIBIT A

19. Plaintiff was terminated on or about July 2, 2015 for refusing to work "off the clock".

## COUNT I

### DISABILITY DISCRIMINATION

20. Plaintiff re-alleges and incorporates Paragraphs 1 through 19 as if fully rewritten herein.

21. Throughout her employment with Defendant, Plaintiff suffered from and sought treatment for MS.

22. Defendant treated Plaintiff differently than other similarly situated employees based on her disability.

23. Defendant violated R.C. §4112.02 by discriminating against Plaintiff based on her disability.

24. As a direct and proximate cause of Defendant's conduct, Plaintiff suffered and will continue to suffer damages.

## COUNT II

### RETALIATORY DISCRIMINATION

25. Plaintiff re-alleges and incorporates Paragraphs 1 through 24 as if fully rewritten herein.

26. Plaintiff opposed Defendant's discriminatory conduct described above.

27. In response to Plaintiff's complaints that she could not work "off the clock", Defendant retaliated against Plaintiff by terminating her employment.

3

Sandra Kurt, Summit County Clerk of Courts
EXHIBIT A

28. Pursuant to R.C. §4112.02(I), it is an unlawful discrimination practice "to discriminate in any manner against any other person because the person opposed any unlawful discriminatory practice defined in this section..."

29. As a direct and proximate cause of Defendant's retaliatory discrimination against Plaintiff, she suffered and will continue to suffer damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff re-alleges and incorporates Paragraphs 1 through 29 as if fully rewritten herein.

31. Defendant intended to cause Plaintiff emotional distress, or knew that its acts of omission would result in serious emotional distress to Plaintiff.

32. Defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

33. As a direct and proximate cause of Defendants acts and omissions as set forth above, Plaintiff has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

34. As a direct and proximate cause of Defendant's conduct and the resulting emotional distress, Plaintiff has suffered and will continue to suffer damages.

## COUNT IV

## FAILURE TO PAY MINIMUM WAGE

35. Plaintiff re-alleges and incorporates Paragraphs 1 through 34 as if fully rewritten herein.

4

36. During Plaintiff's employment, Defendant failed to pay her the proper minimum wage rate as prescribed by R.C. § 4111.01, *et seq.*

37. As a result, Defendants failed to pay Plaintiff a wage rate required under R.C. § 4111.02, and/or 29 U.S.C. § 206.

38. Defendant willfully and intentionally violated R.C. §4111.02 and 29 U.S.C. §206.

39. Defendant acted in bad faith in violating R.C. §4111.02 and 29 U.S.C. §206.

40. As a direct and proximate result of Defendant's conduct, pursuant to R.C. § 4111.02, Defendant is liable to Plaintiff for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney fees.

## COUNT V

## FAILURE TO PAY OVERTIME COMPENSATION

41. Plaintiff re-alleges and incorporates Paragraphs 1 through 40 as if fully rewritten herein.

42. Plaintiff worked over 40 hours per week during her employment with Defendant.

43. Defendant did not pay Plaintiff overtime wages.

44. Pursuant to R.C. §4111.03(A) and 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half time the employee's wage rate for hours worked in excess of 40 hours in one work week.

45. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of R.C. § 4111.03(A) and 29 U.S.C. § 207.

46. As a direct and proximate cause of Defendant's failure to pay Plaintiff her lawfully earned overtime wages, Plaintiff suffered damages.

47. Defendant willfully and intentionally violated R.C. §4111.03(A) and 29 U.S.C. §207.

5

48. Defendant acted in bad faith in violating R.C. §4111.03 (A) and 29 U.S.C. §207.

49. As a direct and proximate result of Defendant's failure to pay Plaintiff her lawfully earned overtime wages, pursuant to R.C. §4111.10 (A), Defendant is liable to Plaintiff for the full amount of overtime wage rate, and for costs and reasonable attorney fees as may be allowed by this Court.

50. As a direct and proximate result of Defendant's failure to pay Plaintiff her lawfully earned overtime wages, pursuant to 29 U.S.C. §216(b), Defendant is liable to Plaintiff for the full amount of overtime wage rate, and for costs and reasonable attorney fees.

## COUNT VI

## VIOLATION OF R.C. §4114.14

51. Plaintiff re-alleges and incorporates Paragraphs 1 through 50 as if fully rewritten herein.

52 Pursuant to R.C. §4111.14 (G), every employer must provide certain employment information without charge to an employee or person acting on behalf of an employee upon request.

53. On or about September 23, 2016, counsel for Plaintiff sent a letter to Defendant advising of his representation of Plaintiff and requested the following information within thirty (30) days: (a) Plaintiff's base rate of pay during her employment, (b) Plaintiff's hours worked for each day worked during her employment, and (c) each amount paid to Plaintiff in total gross wages for each pay period.

54. Defendant failed to provide this information.

55. Defendant violated R.C. § 4114.14.

Sandra Kurt, Summit County Clerk of Courts
EXHIBIT A

56. As a direct and proximate cause of Defendant's violation, and pursuant to Section 34a of Article II, Ohio Constitution, and R.C. §4114.14, such failure to provide the information requested shall subject Defendant it to a private action with double damages recoverable.

## DEMAND OR RELIEF

WHEREFORE, Plaintiff demands from the Defendant the following:

(a) An award against Defendant of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, emotional distress, personal injury, lost wages, lost employment benefits, and other consequential damages, in an amout in excess of $25,000.00 per claim to be proven at trial;

(b) An award against Defendant of liquidated damages equal to the amount of compensatory damages to be proven at trial;

(c) An award against Defendant of punitive damages in excess of $25,000.00 to be proven at trial;

(d) An award of reasonable attorney fees and costs as allowed by law;

(e) An award of taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Richard L. Goodman*
Richard L. Goodman
Ohio Supreme Court #0022520
Attorney for Plaintiff, Betty A. Jackson
RICHARD L. GOODMAN CO., L.P.A.
720 Youngstown-Warren Road
Suite E
Niles, Ohio 44446
(330) 652-8989 Phone
(330) 652-9652 Fax
E-mail: richard@rlgoodmanlawfirm.com

**Sandra Kurt, Summit County Clerk of Courts**
EXHIBIT A

## JURY DEMAND

A jury is hereby requested for the trial of this action.

> Respectfully submitted,
>
> /s/ Richard L. Goodman
> Richard L. Goodman
> Ohio Supreme Court #0022520
> Attorney for Plaintiff, Betty A. Jackson
> RICHARD L. GOODMAN CO., L.P.A.
> 720 Youngstown-Warren Road
> Suite E
> Niles, Ohio 44446
> (330) 652-8989 Phone
> (330) 652-9652 Fax
> E-mail: richard@rlgoodmanlawfirm.com

## INSTRUCTIONS FOR SERVICE

TO:     **CLERK OF COURTS - COMMON PLEAS COURT
SUMMIT COUNTY, OHIO**

Please issue Summons and a true copy of the foregoing by certified mail, return receipt requested, upon Defendant at the address listed in the caption of this Complaint, making the same returnable according to law.

Respectfully submitted,

*/s/ Richard L. Goodman*
Richard L. Goodman
Ohio Supreme Court #0022520
Attorney for Plaintiff, Betty A. Jackson
RICHARD L. GOODMAN CO., L.P.A.
720 Youngstown-Warren Road
Suite E
Niles, Ohio 44446
(330) 652-8989 Phone
(330) 652-9652 Fax
E-mail: richard@rlgoodmanlawfirm.com

*Sandra Kurt, Summit County Clerk of Courts*
EXHIBIT A