**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BETTY A. JACKSON,** | : | Case No.: 5:17-cv-00636 |
| **Plaintiff,** | : | Judge Sara Lioi |
| v. | : | Magistrate Judge George J. Limbert |
| **WAYSIDE FARM, INC.,** | : | |
| **Defendant.** | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**

Defendant Wayside Farm, Inc. ("Defendant") along with Plaintiff Betty A. Jackson ("Plaintiff") jointly move this Court for approval of the settlement of the above captioned case pursuant to the terms of the Confidential Settlement Agreement and General Release, a copy of which has been provided to the Court under seal. A proposed entry is attached hereto as **Exhibit A** for the purpose of approving the settlement and dismissing this action with prejudice, except to retain jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement, if necessary.

I. **Background**

Plaintiff filed this action in the Court of Common Pleas, Summit County, Ohio on February 16, 2017. Defendant removed this action to the United States District Court for the Northern District of Ohio, Eastern Division on March 27, 2017. (ECF No. 1.) Plaintiff's complaint, among other claims, alleged that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation to Plaintiff.

This matter was referred to mediation with Magistrate Judge George J. Limbert. In advance of the mediation session, Defendant provided Plaintiff wage and payroll records to counsel for the Plaintiff such that damage calculations could be completed. These records afforded the Plaintiff with the necessary materials to fully and fairly evaluate her claim. Both counsel for the Plaintiff and for Defendant reviewed the records in depth. With the assistance of Magistrate Judge Limbert, the parties were able to reach a resolution of this matter. The Parties have executed a settlement agreement and release, with its effectiveness subject to court approval pursuant to § 216(b). The Parties reached an agreement regarding the total settlement amount to be made available to Jackson, and separately reached an agreement regarding Plaintiff's counsel's attorneys' fees and costs. All Parties have signed the settlement agreement and release, and the agreement has been submitted to the court under seal.

II. **The Court Should Approve the Settlement**

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008).

Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by counsel, and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties well understand that litigation is an inherently risky process, and the likelihood of success for either

party is virtually unknown. The issues in this case were in dispute, and settlement was achieved with an understanding of the disputed claims.

Moreover, the settlement in this case is fair because it represents the potential value of Plaintiff's claim. The calculations used to determine the settlement amount were based upon the actual review of the Plaintiff's wage and payroll records for each day and week worked during the applicable period.

In addition, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849-50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978). The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), cert. denied, 513 U.S. 875 (1994), the Court of Appeals held that the FLSA's mandatory attorney's fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n*, *Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)).

As set forth above, Defendants have agreed to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the settlement agreement and general release submitted to the court under seal. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provision.

III.    **Conclusion**

For the reasons stated above, the Parties respectfully request that the Court approve the settlement and dismiss this action with prejudice by entering the proposed order attached as Exhibit A.

Respectfully submitted,

| /s/ Janay M. Stevens<br>Michael W. Hawkins (0012707)<br>DINSMORE & SHOHL LLP<br>255 E. Fifth Street, Suite 1900<br><br>Cincinnati, OH 45202<br>Phone: (513) 977-8270<br>Fax: (513) 977-8141<br>E-mail: michael.hawkins@dinsmore.com<br><br>-and-<br><br>Janay M. Stevens (0090515)<br>DINSMORE & SHOHL, LLP<br>191 W. Nationwide Blvd., Ste. 300<br>Columbus, OH  43215-5134<br>Phone: (614) 628-6887<br>Fax:  (614) 628-6890<br>E-mail: janay.stevens@dinsmore.com<br><br>*Attorneys for Defendant* | /s/ Richard L. Goodman (per email authority)<br>Richard L. Goodman (0022520)<br>RICHARD L. GOODMAN CO., L.P.A.<br>720 Youngstown-Warren Road<br>Suite E<br>Niles, OH 44446<br>Phone:  (330) 652-8989<br>Fax:  (330) 652-9652<br>E-mail: richard@rlgoodmanlawfirm.com<br><br>*Attorney for Plaintiff* |
|---|---|

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 19, 2017.

                                         /s/ Janay M. Stevens
                                         Janay M. Stevens (0090515)